09-2262-ag
Ni v. Holder

BIA
Hom, IJ
A 079 691 533

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:
　　　GUIDO CALABRESI,
　　　RICHARD C. WESLEY,
　　　PETER W. HALL,
　　　　　*Circuit Judges*.

_____

JIN LI NI,
　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　09-2262-ag
　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

　　　*Respondent*.

_____

FOR PETITIONER:　　　H. Raymond Fasano, New York, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Jennifer Paisner Williams, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner Jin Li Ni, a native and citizen of China, seeks review of the April 28, 2009 order of the BIA denying his motion to remand and affirming the August 27, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Li Ni*, No. A 079 691 533 (B.I.A. Apr. 28, 2009), *aff'g* No. A 079 691 533 (Immig. Ct. N.Y. City Aug. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA did not violate Ni's due process rights in denying his motion to remand because the factual record was

adequately developed at his hearing before the IJ.  *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 n.5 (2d Cir. 2007).  As the BIA properly noted, Ni "had an opportunity at the hearing to provide any evidence of his choosing," and a "[f]ear of harm on account of his alleged 'other resistance' to the population control law was a ground that he could have pursued at the hearing."

Furthermore, contrary to Ni's assertion, the BIA did not run afoul of 8 C.F.R. § 1003.1(d)(3) by engaging in impermissible fact finding.  The BIA concluded that the evidence Ni submitted was inadequate to warrant remanding his proceedings to the IJ.  This legal determination was well within the scope of the BIA's authority.  8 C.F.R. § 1003.1(d)(3)(ii); *see also Matter of Coelho,* 20 I. & N. Dec. 464 (BIA 1992).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3